IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILHY HARPO-BROWN,

    Plaintiff,

v.

CITY OF ATLANTA, *et al.*,

    Defendants.

CIVIL ACTION FILE NO.

1:19-cv-1220-WMR

## **ORDER**

This matter is before the Court on Plaintiff Wilhy Harpo-Brown's application for leave to proceed *in forma pauperis* ("IFP") in his lawsuit against the City of Atlanta, the Atlanta Police Department, several APD officers, his former landlord, and a lock smith working for his former landlord. [Docs. 1, 1-1.]

Although Harpo appears to be indigent for purposes of proceeding IFP, he is subject to a previous District Court order requiring him "to disclose his full litigation history in any . . . [IFP] affidavit that he files."[1] *See Williams v. Harpo*,

---

[1] Although this requirement first was imposed when Harpo was incarcerated and filing prisoner lawsuits, *see Harpo v. City of Atlanta*, No. 1:14-cv-2157-WSD, Doc. 2 at 1-2, the District Court continues to require Harpo to disclose his litigation

No. 1:16-cv-1225-WSD, Doc. 2 at 2. (internal quotation marks omitted). Moreover, Harpo is well aware that he is required to disclose his litigation history, as he has done so in previous cases—indeed, he did so just last week. *See e.g., Broadstone Maple, LLC v. Onna*, No. 1:16-cv-1661-WSD, Doc. 2-1; *see also e.g., Harpo v. The Connor Group, LLC*, No. 1:19-cv-1130-WMR, Doc. 1-3. He has also had previous cases dismissed for his failure to comply with the District Court's requirement. *See Williams*, No. 1:16-cv-1225-WSD, Doc. 2 at 4; *see also Harpo v. McDonald's*, No. 1:17-cv-3324-WSD, Doc. 4. Accordingly, it is clear to the undersigned that Harpo is on notice that he must disclose his litigation history whenever he files an IFP application. Nevertheless, Harpo has failed to do so in this case,[2] and his IFP application therefore is inadequate because it does not

---

history, regardless of whether he is incarcerated, *see, e.g.*, *Harpo v. City of Atlanta*, No. 1:16-cv-1067, Doc. 8 at 3.

[2] Plaintiff's subsequently filed Motion to Proceed Upon Partial Payment of Filing Fee attaches what appears to be the first two pages of results from a Google web search of "wilhy harpo federal cases." [*See* Doc. 2-1 at 3-4.] Because it is clear that these results fail to capture even a significant subset of Plaintiff's litigation history, Plaintiff's attachment also fails to meet the District Court's requirements that he disclose his full litigation history.

conform to the District Court's requirements. As a result, his application for IFP status is **DENIED WITHOUT PREJUDICE**.[3]

IT IS SO ORDERED this 21st day of March, 2019.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[3] Plaintiff's Motion to Proceed Upon Partial Payment of Filing Fee does not change this result. [Doc. 2.] That Plaintiff may be able to pay a fraction of the Court's filing fee using a personal loan does not render him any less indigent under 28 U.S.C. § 1915, since Plaintiff still requests that the Court waive the vast majority of the filing fee due to his inability to pay the costs of litigation and still provide for himself. "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As a result, the Court must still "deploy appropriate scrutiny." *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) (collecting cases).